FILED
FEB 10 2010
PATRICK E. DUFFY, CLERK
By ____________
Deputy Clerk

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF MONTANA**

**BUTTE DIVISION**

| | |
|---|---|
| In re TOUCH AMERICA HOLDINGS, INC. SECURITIES LITIGATION | No. CV-02-0057-BU-SEH |
| This Document Relates To: ALL ACTIONS. | **ORDER APPOINTING CLAIMS ADMINISTRATOR IN THE SECURITIES ACTION** |

WHEREAS, a class action is pending before the Court entitled *In re Touch America Holdings, Inc. Securities Litigation*, No. CV-02-0057-BU-SEH (the "Securities Action");

WHEREAS, the Court has received the Touch America Stipulation of Settlement dated as of November 13, 2009 (the "Securities Settlement Agreement") and the Amendment to Touch America Securities Stipulation of Settlement dated December 3, 2009 (the "Amendment"), that have been entered into by the Securities Lead Plaintiff and TA Securities Defendants, and the Court has reviewed the Securities Settlement Agreement and its attached Exhibits;

WHEREAS, the Securities Lead Plaintiff having made application for the appointment of the Claims Administrator; and

WHEREAS, all defined terms contained herein shall have the same meanings as set forth in the Securities Settlement Agreement and the Amendment;

FEF

ORDERED:

1. Pursuant to Rule 53(c) of the Federal Rules of Civil Procedure, the Court hereby appoints Gilardi & Co. LLC as the Claims Administrator in the Securities Action.

2. The Claims Administrator shall be responsible for the performance of the duties listed in paragraphs 3 to 6 below, subject to the supervision of the Court and Securities Lead Counsel.

3. Case Set Up and Notification of Potential Class Members

(a) Work with class counsel to finalize notice and claim form package;

(b) format notice and claim form for printing;

(c) contact transfer agent with Montana Power stock records to obtain names and addresses of potential class members;

(d) contact brokers and other nominees to obtain potential class members' names and addresses;

(e) print notice and claim form;

(f) create a dedicated toll-free number for claimant inquires;

(g) develop a customized class member database that will be supplemented throughout the life of the case;

(h) mail notice and claim form package;

(i) search for updated addresses on returned undeliverable notice packages in the National Change of Address database maintained by the U.S. Postal Service and remail notice package to new addresses;

(j) format and publish Published Notice as required by the Court's Notice Order;

(k) follow-up with brokers who do not respond to the request for names and addresses;

(l) develop, implement, and maintain a customized website with links to the notice, claim form, frequently asked questions, and other case related documents;

(m) send e-mail notification with copies of the notice and claim form to over 800 frequent filers in securities cases, including brokers, banks, and other institutional filers;

(n) post a notice on online newswires for 30 days;

(o) track and maintain record of all requests for exclusion; and

(p) provide call center support and respond to class member inquires.

4. Claims Processing

(a) Create and program case software to calculate claims under the Court-approved plan of allocation and verify for accuracy;

(b) open claims and prepare for scanning;

(c) sort and scan claims and supporting documentation using OCR technology;

(d) verify and proof claim forms against original documents;

(e) review and validate all large claims;

(f) determine rightful heir for deceased class members;

(g) review database for potential duplicate claims;

(h) review database for security errors;

(i) determine claimants eligibility – perform case level exception analysis (price errors, date range errors, and fraud);

(j) research company history for any stock splits, mergers, or acquisitions during the class period;

(k) check database against known fraud database;

(l) conduct independent audit of claims;

(m) identify deficient claims and notify claimants with deficient claims and attempt to resolve;

(n) notify claimants with rejected claims;

(o) review and respond to requests for administrative review of claim eligibility; and

(p) complete management review and notify class counsel when claims processing is complete.

5. Distribution of Settlement Proceeds

(a) Prepare fund analysis;

(b) generate database of claims eligible for distribution;

(c) determine distribution ratio by applying aggregate allowed losses against net available funds;

(d) obtain authorization to commence distribution;

(e) open distribution account and invest monies in short-term securities;

(f) calculate each claimant's *pro rata* share of settlement proceeds;

(g) print and mail distribution checks;

(h) perform internal audit checks on all phases of disbursement, including check printing, folding, preparation, and mailing;

(i) verify data on checks against check registry and case database; and

(j) communicate with bank on daily basis.

6. Post-Distribution Support

(a) Provide follow-up efforts for claimants who did not negotiate or timely negotiate their checks and re-issue checks where possible;

(b) review and respond to class member calculation questions; and

(c) coordinate and perform a second distribution of any residual funds due to uncashed and/or returned checks.

7. Cost Estimate for Services

Assuming joint administration with the other two related matters, the cost estimate for the above services is approximately $300,000.

DATED this 10th day of February, 2010.

SAM E. HADDON
United States District Judge